

Wolff & Samson PC
The Offices at Crystal Lake
One Boland Drive
West Orange, New Jersey 07052
973-325-1500
hschwartz@wolffsamson.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK CITY BALLET, INC.<br><br>     Plaintiff,<br>vs.<br><br>PALM PICTURES, LTD.<br><br>     Defendant. | Civil Action No.<br><br> |

**COMPLAINT**

Plaintiff New York City Ballet, Inc. ("NYCB"), by its attorneys, Wolff & Samson PC, for its Complaint against Defendant Palm Pictures, Ltd. ("Palm") states as follows:

### THE PARTIES

1. Plaintiff NYCB is a not for profit corporation formed under the laws of the State of New York and maintains its principal place of business at 20 Lincoln Center, New York, New York.

2. Upon information and belief, Defendant Palm is a corporation formed under the laws of the United Kingdom and maintains its principal place of business at 8 Kensington Park Road, London, England.

### JURISDICTION AND VENUE

3. Jurisdiction over the claims in the Complaint is based upon 28 U.S.C. §1332(a) in that NYCB is a citizen of the State of New York and Defendant is a foreign corporation. The amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. Venue is

1124021.1

proper in this Court pursuant to 28 U.S.C. §1391(a)(2) and (3). A substantial part of the events giving rise to the claim occurred in this District. The Defendant is subject to personal jurisdiction in this District at the time of the commencement of this action and has consented to personal jurisdiction in this District.

## FACTS

4. NYCB is one of the foremost dance companies in the world. It performs for 23 weeks at the New York State Theatre in Lincoln Center, New York and additionally performs annually at the Saratoga Performing Arts Center and tours from time to time to major cities including Washington, D.C., London, Paris and St. Petersburg.

5. Palm is a corporation which, among other things, produces programs to be viewed on DVD and VHS media and formats.

6. By License Agreement dated May 10, 2000 ("NYCB Workout 1" or "NYCB Workout 1 License Agreement") NYCB and Palm agreed that Palm would produce the "New York City Ballet Workout," consisting of workout exercises featured in the New York City Ballet Workout Book and certain additional features. NYCB and Palm also agreed, among other things, at Paragraph 10(d) that Palm (a) shall pay to NYCB royalties equal to 50% of all Net Receipts (as defined in the NYCB Workout 1 License Agreement) received by Palm after certain amounts have been recouped; (b) Palm shall pay royalties to NYCB semi-annually; and (c) each semi-annual royalty shall be due and payable to NYCB on or before the tenth day following end of the semi-annual period for which the royalty is payable.

7. In addition, pursuant to Paragraph 10(e), Palm was and is required to keep complete, accurate and current records of all Production Costs, Marketing Launch Costs, Manufacturing and Distribution Costs, Gross Receipts, and Net Receipts (such capitalized terms are as defined in the NYCB Workout 1 License Agreement). These reports also shall

2

1124021.1

provide the foregoing information classified by DVD and VHS production and sales, by country, and other such information as NYCB reasonably requests to provide NYCB with a clear and complete understanding of the Program's (as defined in the NYCB Workout 1 License Agreement) performance in the marketplace.

8.  A true copy of the NYCB Workout 1 License Agreement is attached hereto as Exhibit A.

9.  By License Agreement dated May 1, 2003 ("NYCB Workout 2" or "NYCB Workout 2 License Agreement") NYCB and Palm agreed that Palm would produce the "New York City Ballet Workout," consisting of workout exercises featured in the New York City Ballet Workout Book and certain additional features. NYCB and Palm also agreed, among other things, at Paragraph 10(d) that Palm (a) shall pay to NYCB royalties equal to 50% of all Net Receipts (as defined in the NYCB Workout 2 License Agreement) received by Palm after certain amounts have been recouped; (b) Palm shall pay royalties to NYCB semi-annually; and (c) each semi-annual royalty shall be due and payable to NYCB on or before the tenth day following end of the semi-annual period for which the royalty is payable.

10. In addition, pursuant to 10(e), Palm was and is required to keep complete, accurate and current records of all Production Costs, Marketing Launch Costs, Manufacturing and Distribution Costs, Gross Receipts, and Net Receipts (such capitalized terms are as defined in the NYCB Workout 2 License Agreement). These reports also shall provide the foregoing information classified by DVD and VHS production and sales, by country, and other such information as NYCB reasonably requests to provide NYCB with a clear and complete understanding of the Second Program's (as defined in the NYCB Workout 2 License Agreement) performance in the marketplace.

11. A true copy of the NYCB Workout 2 License Agreement is attached hereto as Exhibit B.

12. The NYCB Workout 1 semi-annual statement and payment for the period ending December 31, 2005 was not timely sent.

13. The NYCB Workout 1 semi-annual statement and payment for the period ending June 30, 2006 was not timely sent.

14. The NYCB Workout 1 semi-annual statement and payment for the period ending December 31, 2006 was not timely sent.

15. The NYCB Workout 1 semi-annual statement and payment for the period ending June 30, 2007 was not timely sent.

16. The NYCB Workout 1 semi-annual statement and payment for the period ending December 31, 2007 was not timely sent.

17. The NYCB Workout 2 semi-annual statement and payment for the period ending December 31, 2005 was not timely sent.

18. The NYCB Workout 2 semi-annual statement and payment for the period ending June 30, 2006 was not timely sent.

19. The NYCB Workout 2 semi-annual statement and payment for the period ending December 31, 2006 was not timely sent.

20. The NYCB Workout 2 semi-annual statement and payment for the period ending June 30, 2007 was not timely sent.

21. The NYCB Workout 2 semi-annual statement and payment for the period ending December 31, 2007 was not timely sent.

1124021.1

22. NYCB undertook an audit ("Audit") of Palm regarding the two License Agreements.

23. NYCB sent to Palm a copy of the Audit report on or about February 6, 2008. Among other things, the NYCB Audit disclosed that more than $600,000 was due to NYCB from Palm for the time period of the Audit for NYCB Workout 1 and NYCB Workout 2.

24. As of February 13, 2008 Palm had failed to make any accounting or payment to NYCB under the NYCB Workout 1 and NYCB Workout 2 License Agreements since June 2005, a period of more than two and one half years.

25. As of February 13, 2008 Palm had failed to render and make to NYCB the accounting and payments due to NYCB under the NYCB Workout 1 and NYCB Workout 2 License Agreements.

26. The accountings and payments that Palm had made prior to June 2005 were materially misleading and false and not in accordance with the NYCB Workout 1 and NYCB Workout 2 License Agreements as disclosed to Palm in the Audit report described in Paragraph 23.

27. The actions and inactions of Palm described in Paragraphs 12 through 26 inclusive constituted Events of Default pursuant to Paragraphs 12(a) and 12(b) of the NYCB Workout 2 License Agreement and of the terms of the NYCB Workout 1 License Agreement.

28. By letter dated February 13, 2008 Ronald S. Taft, Esq., on behalf of NYCB, wrote to Palm notifying it of said Events of Default and giving Palm thirty days to cure said Events of Default. A copy of said letter is attached as Exhibit C.

29. Thereafter, Palm proposed to send a response to the Audit and to make certain proposals regarding it.

1124021.1

30. Taft responded by letter dated February 28, 2008 stating that NYCB would review and discuss the Audit and any proposals made by Palm, without prejudice to NYCB's rights. A copy of said Taft letter is attached hereto as Exhibit D.

31. Palm sent to Brooks Parsons, the Chief Financial Officer of NYCB, a letter dated February 28, 2008 in response to the Taft letter of February 13, 2008. A copy of said Palm letter is attached hereto as Exhibit E.

32. Palm sent to Taft and NYCB a response dated February 29, 2008 to the NYCB audit. A copy of the e-mail forwarding said response is attached hereto as Exhibit F.

33. On or about March 7, 2008 Palm sent to NYCB certain royalty statements for the periods from December 2005 through June 2007.

34. No payments were sent by Palm to NYCB with the March 7, 2008 royalty statements.

35. On or about March 10, 2008 Parsons notified Palm that the reporting periods and previous balance forward/carry forward data in the March 7, 2008 royalty statements did not comport with the previous statements.

36. That same day, Palm claimed that the March 7, 2007 royalty statements were erroneous because the report titles had not been changed. Palm sent revised royalty statements with purported correct data.

37. Again, no payments were sent by Palm to NYCB with the March 10, 2008 revised royalty statements.

## CLAIM I

### (Breach of Contract)

38. NYCB repeats and realleges each of the allegations made in Paragraphs 1 through 37 above.

6

1124021.1

39. Defendant breached the NYCB Workout 1 License Agreement by failing to make and send timely royalty statements pursuant to Paragraph 10(d).

40. Defendant breached the NYCB Workout 1 License Agreement by failing to make and send timely royalty payments pursuant to Paragraph 10(d).

41. Defendant breached the NYCB Workout 1 License Agreement by failing to keep complete, accurate and current records pursuant to Paragraph 10(e).

42. Despite demand, Palm has failed to cure the breaches and Events of Default within thirty days after notice of such Events of Default.

43. Despite demand, NYCB has not received all of the royalties as described in the Audit due it since 2005.

44. As a result of the foregoing, NYCB has and will continue to suffer damages.

45. Pursuant to Paragraph 12(g) of the NYCB Workout 1 License Agreement, NYCB is entitled to its reasonable litigation expenses, including the costs of the Audit.

## CLAIM II

### (Breach of Contract)

46. NYCB repeats and realleges each of the allegations made in Paragraphs 1 through 45 above.

47. Defendant breached the NYCB Workout 2 License Agreement by failing to make and send timely royalty statements pursuant to Paragraph 10(d).

48. Defendant breached the NYCB Workout 2 License Agreement by failing to make and send timely royalty payments pursuant to Paragraph 10(d).

49. Defendant breached the NYCB Workout 2 License Agreement by failing to keep complete, accurate and current records pursuant to Paragraph 10(e).

1124021.1

50. Despite demand, Palm has failed to cure the breaches and Events of Default within thirty days after notice of such Events of Default.

51. Despite demand, NYCB has not received all of the royalties as described in the Audit due it since 2005.

52. As a result of the foregoing, NYCB has and will continue to suffer damages.

53. Pursuant to Paragraph 14(g) of the NYCB Workout 2 License Agreement, NYCB is entitled to its reasonable litigation expenses, including the costs of the Audit.

### CLAIM III

#### (Declaratory Judgment)

54. NYCB repeats and realleges each of the allegations made in Paragraphs 1 through 53 above.

55. An actual controversy exists between NYCB and Palm concerning whether or not the NYCB Workout 1 and/or NYCB Workout 2 License Agreements are terminated (a) as a result of Palm's failing to send timely statements and payments as described herein, (b) as a result of Palm not paying the amounts due as set forth in the Audit report, and (c) as a result of Palm failing to timely cure the Events of Default set forth in the Taft letter of February 13, 2008.

56. NYCB is entitled to a declaratory judgment that the NYCB Workout 1 and Workout 2 License Agreements are terminated and that Palm owes the full amount of royalty payments as set forth in the Audit report, less any amounts paid by Palm after said Audit report was issued, together with NYCB litigation expenses, including the costs of the Audit.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on the issues permitting a jury.

**WHEREFORE**, NYCB demands judgment against Defendant as follows:

    (a)    for compensatory damages and interest thereon, together with reasonable litigation expenses;

    (b)    for a declaratory judgment that each of the NYCB Workout 1 and NYCB Workout 2 License Agreements is terminated;

    (c)    for an order that Palm (and anyone on its behalf) be permanently enjoined from selling, exploiting and/or disposing in any manner any products, including DVD and/or VHS products, manufactured by or on behalf of Palm relating in any manner to NYCB Workout 1 and NYCB Workout 2; and

    (c)    for such other and further relief as the Court deems just and proper.

WOLFF & SAMSON, PC

Attorneys for Plaintiff New York City Ballet, Inc.

By: _____
HOWARD J. SCHWARTZ (HS-2304)
hschwartz@wolffsamson.com
One Boland Drive
West Orange, NJ  07042
973-530-2031

Dated: April 22, 2008

1124021.1