Jonathan S. Shapiro
Robert J. Shapiro
THE SHAPIRO FIRM, LLP
500 Fifth Avenue, 14th Floor
New York, New York 10110
(212) 391-6464
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NEW YORK CITY BALLET, INC.<br><br>Plaintiff,<br><br>v.<br><br>PALM PICTURES, LTD.<br><br>Defendant. | CIVIL ACTION NO. 08-CIV-3914(DLC)<br><br>**ANSWER TO COMPLAINT AND SEPARATE AFFIRMATIVE DEFENSES** |

Defendant Palm Pictures, Ltd. ("Palm"), by and through its undersigned counsel, The Shapiro Firm, LLP, hereby Answers the Complaint of Plaintiff New York City Ballet, Inc. ("NYCB"), in the above-captioned action as follows:

**AS TO THE PARTIES**

1. Admits, upon information and belief, the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2.

**AS TO JURISDICTION AND VENUE**

3. Admits the allegations contained in paragraph 3 as it concerns Palm. To extent the allegations contained in paragraph 3 call for legal conclusions, no response is required.

1

## AS TO ALLEGED FACTS

4.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4.

5.     Admits the allegations contained in paragraph 5.

6.     Admits the allegations contained in the first sentence of paragraph 6 and respectfully refers the Court to the full license agreement for its full terms and legal effects thereof. Additionally, Palm avers that under such license agreement Palm was responsible for marketing NYCB Workout I and that, through its marketing efforts, NYCB Workout I achieved great success in the marketplace, as highlighted by NYCB in its 2002 Annual Report:

> The New York City Ballet Workout video/DVD, which was released in spring 2001, went on to achieve notable sales over the course of the year. A joint project of NYCB and Palm Pictures, it was the best-selling fitness video for Amazon.com for 2001, as well as one of Amazon.com's top-ten videos of the year.

*NYCB 2002 Annual Report, pg. 9.*

7.     Neither admits nor denies the allegations contained in paragraph 7 and respectfully refers the Court to the full license agreement for its full terms and legal effects thereof.

8.     Admits the allegations contained in paragraph 8.

9.     Admits the allegations contained in the first sentence of paragraph 9 and respectfully refers the Court to the full license agreement for its full terms and legal effects thereof. Additionally, Palm avers that under such license agreement Palm was responsible for marketing NYCB Workout II and that, through its marketing efforts, NYCB Workout II achieved great success in the marketplace, as highlighted by NYCB in its 2003 Annual Report:

> In May 2003, New York City Ballet and Palm Pictures released *New York City Ballet Workout 2* in both VHS and DVD formats. Building on the success of the first *New York City Ballet Workout* video, which was released in spring 2001,

> the new video provides additional stretching and strengthening exercises based on ballet technique, as well as more advanced movement combinations. The video features NYCB dancers Aesha Ash, Deanna McBrearty, Craig Hall, and Seth Orza and is narrated by Peter Martins. Just weeks following its release, *New York City Ballet Workout 2* captured the top spot in the nation on Amazon.com's best selling video chart, followed by the original *New York City Ballet Workout* in the number two spot.

*NYCB 2003 Annual Report, pg. 10.*

10. Neither admits nor denies the allegations contained in paragraph 10 and respectfully refers the Court to the full license agreement for its full terms and legal effects thereof.

11. Admits the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12 and avers that the parties had an understanding that no such payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that all such reports were issued and monies were paid in March 2008 in response to a NYCB February 13, 2008 payment demand.

13. Denies the allegations contained in paragraph 13 and avers that the parties had an understanding that no such payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that all such reports were issued and monies were paid in March 2008 in response to a NYCB February 13, 2008 payment demand.

14. Denies the allegations contained in paragraph 14 and avers that the parties had an understanding that no such payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that all such reports were issued and monies were paid in March 2008 in response to a NYCB February 13, 2008 payment demand.

15. Denies the allegations contained in paragraph 15 and avers that the parties had an understanding that no such payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that all such reports were issued and monies were paid in March 2008 in response to a NYCB February 13, 2008 payment demand.

16. Denies the allegations contained in paragraph 16 and avers that the parties had an understanding that no such payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that all such reports were issued and monies were paid in April 2008.

17. Denies the allegations contained in paragraph 17 and avers that the parties had an understanding that no such payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that all such reports were issued and monies were paid in March 2008 in response to a NYCB February 13, 2008 payment demand.

18. Denies the allegations contained in paragraph 18 and avers that the parties had an understanding that no such payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that all such reports were issued and monies were paid in March 2008 in response to a NYCB February 13, 2008 payment demand.

19. Denies the allegations contained in paragraph 19 and avers that the parties had an understanding that no such payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies

owed. Additionally, Palm avers that all such reports were issued and monies were paid in March 2008 in response to a NYCB February 13, 2008 payment demand.

20. Denies the allegations contained in paragraph 20 and avers that the parties had an understanding that no such payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that all such reports were issued and monies were paid in March 2008 in response to a NYCB February 13, 2008 payment demand.

21. Denies the allegations contained in paragraph 21 and avers that the parties had an understanding that no such payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that all such reports were issued and monies were paid in April 2008.

22. Admits the allegations contained in paragraph 22 and avers that such Audit, which purported to review royalty payments paid by Palm to NYCB for the Audit period of May 2000 through and including June 2005, began in March 2006. Palm further avers that NYCB delivered to Palm an initial draft of its Audit report in December 2006 and that such initial draft alleged as much as £591,729 was due from Palm for the Audit period. Palm further avers that several of the Audit claims in such initial draft were erroneously inflated and otherwise flawed in their method of calculation and that some of the errors were even acknowledged by NYCB.

23. Palm further avers that it worked diligently in good faith with NYCB and its auditor during 2007 in an effort to resolve the claims set forth NYCB's initial draft Audit report, including sending timely responses to NYCB's follow-up questions and repeatedly

offering to make itself available for in-person meetings with NYCB's auditor. Palm further avers that at least as early as March 2007, Marty Hillis on behalf of Palm told NYCB that Palm desired to resume reporting and paying for the post-Audit period and asked for NYCB's input on the methodology to be used for the same. Palm further avers that NYCB did not respond to Palm's March 2007 request for input on Palm's offer to resume reporting and payment for the post-Audit period.

24. Admits the allegations contained in the first sentence of paragraph 23 and avers that the report referred to in paragraph 23 was a revised version of the initial draft report referred to above in paragraph 22 of Palm's Answer. Palm further avers that NYCB's revised Audit report alleged that £305,159 was due from Palm and avers that such Audit report, like the initial report, was critically flawed and inaccurate as was demonstrated by Palm to NYCB during Palm's good faith efforts to resolve the parties' differences and avoid the instant litigation. Palm further avers that on February 29, 2007, Palm provided NYCB with a detailed, claim-by-claim response to the revised Audit report, yet NYCB failed to respond to the same and also declined to speak with Palm concerning such claim-by-claim response, thus foreclosing any meaningful discussion of settlement of the Audit.

25. Denies the allegations contained in paragraph 24 and avers that the parties had an understanding that no such accounting or payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that, in response to a NYCB February 13, 2008 payment demand, all such reports were issued and monies were paid in March 2008 for amounts due through June 2007, and in April 2008 for amounts due for the December 2007 period.

26. Denies the allegations contained in paragraph 25 and avers that the parties had an understanding that no such accounting or payments would be made until they came to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed. Additionally, Palm avers that in March and April of 2008 it paid all monies demanded by NYCB's February 13, 2008 payment demand. Palm further avers that the only remaining monies allegedly owed concern a disputed amount – over and above that which Palm had paid during the Audit period – reflected in NYCB's critically flawed Audit, which in good faith Palm had been trying to resolve prior to the institution of this litigation.

27. Denies the allegations contained in paragraph 26 and avers that the Audit was critically flawed and inaccurate as was demonstrated by Palm to NYCB during Palm's good faith efforts to resolve the parties' differences and avoid the instant litigation.

28. Denies the allegations contained in paragraph 27. To the extent the allegations contained in paragraph 27 call for a legal conclusion, no response is required.

29. Admits the allegations contained in paragraph 28 and avers that this was the first demand for payment and request to cure any alleged default made by NYCB since the commencement of the Audit -- more than two years earlier -- during which time the parties were trying to come to agreement on fundamental differences they had over the proper methodology to be used in calculating monies owed.

30. Admits the allegations contained in paragraph 29 and avers that Palm's efforts to meet with and work with NYCB auditors to insure that they received and reviewed the necessary information had been frustrated numerous times over the course of the nearly two-year Audit.

31. Admits the allegations contained in paragraph 30.

32. Admits the allegations contained in paragraph 31 and avers that Palm had been regularly and proactively contacting Brooks Parsons and NYCB in an effort to resolve the parties' differences and avoid the instant litigation.

33. Admits the allegations contained in paragraph 32 and avers that Palm had been regularly and proactively contacting Brooks Parsons and NYCB in an effort to resolve the parties' differences and avoid the instant litigation. Palm further avers that the response referred to in paragraphs 31 and 32 was the detailed claim-by-claim response to NYCB's Audit, referred to above in paragraph 24 of Palm's Answer, to which NYCB never replied.

34. Admits the allegations contained in paragraph 33.

35. Admits the allegations contained in paragraph 34 and avers that all such reports were issued and monies were paid in March 2008.

36. Admits the allegations contained in paragraph 35.

37. Admits the allegations contained in paragraph 36.

38. Admits the allegations contained in paragraph 37 and avers that all such reports were issued and monies were paid in March 2008.

### AS TO CLAIM I (Breach of Contract)

39. As for paragraph 38, Palm repeats and realleges its responses to the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

40. Denies the allegations contained in paragraph 39.

41. Denies the allegations contained in paragraph 40.

42. Denies the allegations contained in paragraph 41.

43. Denies the allegations contained in paragraph 42.

44. Denies the allegations contained in paragraph 43

45. Denies the allegations contained in paragraph 44.

46. Denies the allegations contained in paragraph 45.

## AS TO CLAIM II (Breach of Contract)

47. As for paragraph 46, Palm repeats and realleges its responses to the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

48. Denies the allegations contained in paragraph 47.

49. Denies the allegations contained in paragraph 48.

50. Denies the allegations contained in paragraph 49.

51. Denies the allegations contained in paragraph 50.

52. Denies the allegations contained in paragraph 51.

53. Denies the allegations contained in paragraph 52.

54. Denies the allegations contained in paragraph 53.

## AS TO CLAIM III (Declaratory Judgment)

55. As for paragraph 54, Palm repeats and realleges its responses to the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

56. Denies the allegations contained in paragraph 55, except to the extent that paragraph 55 calls for legal conclusions to which no response is required.

57. Denies the allegations contained in paragraph 56.

## PALM'S SEPARATE AFFIRMATIVE DEFENSES

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim against Palm upon which relief may be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitation.

## THIRD SEPARATE DEFENSE

Plaintiff is estopped and barred by its own conduct from recovering any relief.

## FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrine of waiver, having waived rights under said agreements that it now seeks to enforce.

## FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part under the doctrine of laches.

## SIXTH SEPARATE DEFENSE

Plaintiff is barred in whole or in part from relief due to its failure to mitigate damages.

## SEVENTH SEPARATE DEFENSE

Plaintiff's claim for equitable relief is barred by reason of Plaintiff's unclean hands.

## EIGHTH SEPARATE DEFENSE

Plaintiff's prayer for relief, other than for money damages, is unenforceable.

WHEREFORE, Palm demands judgment in its favor dismissing the Complaint in its entirety with prejudice, together with its attorneys' fees and costs of suit.

Dated: June 5, 2008

THE SHAPIRO FIRM, LLP

By: _____
Jonathan S. Shapiro
Robert J. Shapiro

500 Fifth Avenue, 14th Floor
New York, New York 10110
(212) 391-6464
*Attorneys for Defendant
Palm Pictures, Ltd.*

## CERTIFICATE OF SERVICE

The undersigned, a member of the Bar of this Court, hereby certifies that he caused a true and accurate copy of Defendant's *Answer to Complaint and Separate Affirmative Defenses and Rule 7.1 Statement*, to be served both electronically, and via FedEx, by depositing the Federal Express sealed and prepaid envelope in an official Federal Express depository located at 500 Fifth Avenue, New York, New York, on the 5th day of June, 2008, upon:

hschwartz@wolffsamson.com

and

Howard J. Schwartz, Esq.
WOLFF & SAMSON PC
One Boland Drive
West Orange, New Jersey 07052

*Attorneys for Plaintiff*

Dated: New York, New York
June 05, 2008

_____
JONATHAN S. SHAPIRO